**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 95-cv-03174-MSK-MJW**

**SECURITIES AND EXCHANGE COMMISSION,**

    **Plaintiff,**

v.

**SAMUEL L. BOYD,**

    **Defendant.**

---

**ORDER DENYING MOTION FOR LEAVE TO AMEND MOTION**
**TO VACATE AND FOR RECONSIDERATION**

---

    **THIS MATTER** comes before the Court on the Defendant Samuel L. Boyd's Motion for Leave to Amend Motion to Vacate the Court's Findings of Fact and Conclusions of Law and For Reconsideration **(#s 388, 389)**. The Plaintiff, the Securities and Exchange Commission (SEC), responded **(#390)**, and Mr. Boyd replied **(#393)**. The Court now **FINDS** and **CONCLUDES** as follows.

### I. Background

    The facts and procedural posture of this case are complex, a complete recitation of which can be found in the Court's March 29, 2012 Opinion and Order **(#382)**. As relevant here, on July 21, 2011, this Court[1] entered Findings of Fact and Conclusions of Law **(#351)**. The Court found that Mr. Boyd had committed securities fraud, therefore entitling the SEC to a permanent injunction, $685,000 in disgorgement, and $50,000 in penalties. Judgment was entered on July 22, 2011. Thereafter, Mr. Boyd filed a Motion to Vacate Order, Clerk's Judgment, and Dismiss

---

[1] At the time, Judge Miller presided.

1

or Grant a New Trial under Fed. R. Civ. P. 59(e) and 59(a)(1)(b) **(#359, 381)**. On March 29, 2012, the undersigned judge issued an Opinion and Order **(#382)** granting Mr. Boyd's motion in part by vacating the disgorgement remedy, and denying his motion in all other respects. Mr. Boyd now seeks reconsideration of that order.

## II. Analysis

As the Court understands his motion, Mr. Boyd requests (1) leave to amend his Motion to Vacate **(#s 359, 381)**; and (2) reconsideration of the Court's Opinion and Order **(#382)** denying in part that same motion. Mr. Boyd states that he wishes to amend his Motion to Vacate to "clarify [his] assertions that the evidentiary record does not support [the Court's] findings and conclusions regarding any of the alleged securities law violations."

The Court finds that, essentially, Mr. Boyd seeks to amend his motion to include new arguments, challenging over forty previously-unchallenged factual findings, and to provide additional supporting facts for arguments that were made, all of which were known to him when he filed his original motion. Mr. Boyd then seeks to have this Court reconsider its opinion in light of the new material.

Mr. Boyd has not provided any authority, and the Court has found none, that would permit the Court to allow him to amend a motion already considered and decided. Whether the Court considers Mr. Boyd's instant motion as one under Fed. R. Civ. P. 59(e) or 60(b), neither is a vehicle for raising arguments that could have, and should have, been raised in his previous motion or for rehashing arguments that the Court has already addressed. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing).

To the extent Mr. Boyd contends that the Court failed to appreciate the arguments that he did make in challenging factual findings, the Court finds that all of Mr. Boyd's arguments were considered and addressed in its March 29, 2012 Opinion and Order.

### III. Conclusion

For the forgoing reasons, Mr. Boyd's Motion for Leave to Amend Motion to Vacate the Court's Findings of Fact and Conclusions of Law and For Reconsideration **(#388)** is **DENIED**.

Dated this 17th day of October, 2012.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge